IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BETTY'S BEST, INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | 1:22-CV-1078-RP |
| YUYAO AGGPO ELECTRONIC TECHNOLOGY CO., LTD, et al., | § § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is a sealed complaint filed by Plaintiff Betty's Best, Inc ("Plaintiff"). (Compl., Dkt. 1). In its complaint, Plaintiff alleges that 610 Defendants listed on Schedule "A" have or are currently infringing its copyright by producing counterfeit, imitation versions of its horse brush, the "Gentle Groomer" by "StripHair." Having considered the complaint and the relevant law, the Court finds that venue is not proper in the Western District of Texas, and that this case should be transferred to the U.S. District Court for the Central District of California, Western Division.

**I.    BACKGROUND**

On October 25, 2022, Plaintiff filed a complaint against 610 Defendants, alleging violation of its intellectual property through the sale of counterfeit goods on e-commerce stores. (Compl., Dkt. 1, at 1). In conjunction with its complaint, Plaintiff filed a motion for leave to file under seal a motion for a temporary restraining order, (Mot., Dkt. 6), a motion for alternative service of process, (Dkt. 4), and a motion to exceed page limits, (Dkt. 5). The Court granted the motion to file under seal on December 4, 2022.

1

## II.     LEGAL STANDARD

A district court may raise the issue of venue sua sponte and may transfer a case when the transferee venue is clearly more convenient than the venue chosen by the Plaintiff. *See Silver v. Rausch Strum Israel Enerson & Hornick LLP*, No. 3:20-CV-34-K-BN, 2020 WL 109689 at *1 (N.D. Tex. Jan. 9, 2020) (citing *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989)). Section 1404 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). As such, "[t]he threshold question in applying the provisions of § 1404(a) is whether the suit could have been brought in the proposed transferee district." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). If so, the Court turns to consideration of "all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (quoting 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3847, at 370 (1986)).

The relevant factors include matters of both private and public interest. *Volkswagen I,* 371 F.3d at 203; *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private-interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure witnesses' attendance; (3) the willing witnesses' cost of attendance; and (4) all other practical problems that make the case's trial easy, expeditious, and inexpensive. *Volkswagen I*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public-interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local issues decided at home; (3) the forum's familiarity with the governing law; and (4) the avoidance of unnecessary conflict-of-law problems involving the application of foreign law. *Id.* No single factor is dispositive. *Id.*

2

Courts must also "give some weight to the plaintiffs' choice of forum." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 63 n.6 (2013). However, the plaintiff's venue choice "is neither conclusive nor determinative." *In Re: Horsehoe Entertainment*, 337 F. 3d 429, 434 (5th Cir. 2003). Rather, the transfer must show "good cause": a transfer must satisfy the statutory requirements and clearly demonstrate that it is "[f]or the convenience of parties and witnesses, in the interest of justice." *Humble Oil & Refining Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). Thus, when the transferee venue is "not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*"). But when the transferee venue is clearly more convenient and there is good cause shown, "the district court should therefore grant the transfer." *Id.*

### III.   DISCUSSION

A district court may transfer venue if the balance of factors suggest that the litigation would more conveniently proceed in the transferee district. Here, the interests of justice favor transferring the case for two core reasons: (1) the parties have a miniscule connection to the Western District of Texas, if at all, and (2) venue is proper in the Central District of California.

1. Connection to the Western District of Texas

Neither the Plaintiff nor the Defendants have a sufficient connection to the Western District of Texas. Plaintiff Betty's Best, Inc. is a California corporation and its principal place of business is in Santa Ynez, California. (Compl., Dkt. 1, at 3). Its only connection to the state of Texas is that some of its authorized retailers offer and sell its products within the state. (*Id.* at 4). Using the link provided in Plaintiff's complaint, only one store within the Western District appears to sell the

3

"Gentle Groomer" brush in person. *See Retail Store Locator*, Betty's Best, https://striphair.com/pages/retail-store-locator (last visited Dec. 9, 2022).[1]

Nor do any of the Defendants appear to have connections with the Western District of Texas. Each of the 610 Defendants named in Schedule A "reside and/or operate in foreign jurisdictions." (Compl., Dkt. 1, at 10). Plaintiff alleges that the Defendants "target their business activities toward consumers throughout the United States" but does not state with any specificity that their conduct has been targeted towards Texas more than any other state. (*Id.*). To the extent that Defendants have any alleged connections with Texas, it is only that they have sold their products to intermediaries, who in turn may have sold them into Texas.

Under these facts, neither the private nor public interest factors favor venue in the Western District of Texas. The four private-interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure witnesses' attendance; (3) the willing witnesses' cost of attendance; and (4) all other practical problems that make the case's trial easy, expeditious, and inexpensive. *Volkswagen I*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). Here, most of Plaintiff's proof come from the Declaration of the company's Chief Executive Officer, Sarah M. Owen, who appears to reside in Santa Ynez, California, the corporation's principal place of business. (Patent Registration, Dkt. 1-4, at 2). Likewise, all financial proof, such as lost revenue or marketing expenses, exist in the company's principal place of business, not in Texas. *See Def. Distributed v. Bruck*, 30 F.4th 414, 434 & n.25 (5th Cir. 2022) (giving weight to the location of servers hosting the electronic documents in dispute); *Volkswagen II*, 545 F.3d at 316 (noting that online access to evidence does not render this element "superfluous").

---

[1] While three stores in total appear on the map in the Western District, only one of them shows that the brush is in actually sold in-person.

Accordingly, both the sources of proof and available witnesses suggest venue is more convenient in California.

The public-interest factors weigh even more heavily in favor of transfer. The public-interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local issues decided at home; (3) the forum's familiarity with the governing law; and (4) the avoidance of unnecessary conflict-of-law problems involving the application of foreign law. *Volkswagen I*, 371 F.3d at 203.

The first factor—administrative difficulty—asks "not whether transfer will reduce a court's congestion, but whether a trial may be speedier in another court because of its less crowded docket." *Hillestad v. LLOG Expl. Co., LLC*, No. 3:17-CV-00341, 2018 WL 4938708, at *7 (S.D. Tex. Sept. 20, 2018) (cleaned up). When evaluating this factor, courts often look to the median interval time between filing a case to disposition in considering this factor. *See, e.g.*, *Rosemond v. United Airlines, Inc.*, No. H-13-2190, 2014 WL 1338690, at *2 (S.D. Tex. Apr. 2, 2014) (citing *ExpressJet Airlines, Inc. v. RBC Cap. Mars. Corp.*, No. H-09-992, 2009 WL 2244468, at *12 (S.D. Tex. July 27, 2009)). The median time from filing to disposition is 8.4 months in the Western District of Texas.[2] In the Central District of California, disposition has a median of 4.8 months. Because motions take 43% longer in the Western District of Texas, this difference weighs in favor of transfer. In addition, the Austin Division has a particularly heavy civil docket. For example, the undersigned currently has a docket of over 500 active civil cases. The Western District as a whole has one of the busiest criminal dockets in the country. Avoiding court congestion is particularly important in this case, where Plaintiff has sued 610 different Defendants. Assessing the validity of Plaintiff's claims requires examining the conduct of several hundred defendants, while managing a case with 610 defendants

---

[2] Fed. Court. Mgmt. Statistics, "Judicial Caseload Profile: District Courts (2022)," available at https://www.uscourts.gov/statistics-reports/federal-court-management-statistics-June-2022.

5

carries significant logistical hurdles. Accordingly, it would promote administrative convenience to transfer the case.

The second factor—having localized interests decided at home—similarly favors transfer. This factor considers whether the dispute at issue has a closer factual connection with the transferee or transferor venue. *Volkswagen I*, 371 F.3d at 206. While the Defendants all reside in foreign countries, the Plaintiff is a California company. There is no indication that any of the Defendants' conduct was aimed at Texas specifically, nor that any significant volume of their alleged infringement occurred in the state. The factual connection, then, is primarily related to the Plaintiff's evidence and intellectual property at issue in the litigation. Because Plaintiff is a California corporation with its principal place of business there, the local interest is in having the case decided in California.

The third and fourth factors are more neutral. Plaintiff's core claims fall under federal law—alleging violations of trademark, copyright, and patent law. (Compl., Dkt. 1, at 18–30). When the predominant issue is federal law, this factor is neutral. *See Action Indus., Inc. v. U.S. Fidelity & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). Plaintiff does bring supplemental claims under Texas common law for unfair competition. (Compl., Dkt. 1, at 18–30). However, the Defendants are not subject to jurisdiction over these claims. Plaintiff asserts jurisdiction under Rule 4(k)(2), which only authorizes service for "a claim that arises under federal law." (*Id.*, at 3). The Texas common law claims do not arise under federal law, and the Defendants are not subject to Texas's long arm statute outside of Rule 4(k).[3] Thus, the Court will dismiss the Texas common law claims. Thus, only federal claims remain, and this factor is neutral.

---

[3] With the exception under Rule 4(k), there is insufficient evidence to support a finding of jurisdiction in Texas, as there is no evidence that the Defendants' products have actually entered the state. *See U-Anchor Advert., Inc. v. Burt*, 553 S.W.2d 760 (Tex. 1977) (stating that Texas's long-arm statute extends jurisdiction as far as the federal constitutional requirements will permit).

2. Venue in California

Taken as a whole, the private and public interest factors weigh in favor of a transfer to the Central District of California. However, a court must also consider whether the suit could have been brought in the transferee district. *Volkswagen I*, 371 F.3d at 203 ("[T]he first determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed.").

Venue against foreign defendants is governed by 28 U.S.C. § 1391(c)(3), which states that "a defendant not resident in the United States may be sued in any judicial district." Because Defendants do not reside in any one state, venue is also proper in the Central District of California. In addition, Plaintiff has made a prima facie showing that Defendants are subject to jurisdiction under Rule 4(k)(2). (Compl., Dkt. 1, at 3). "Rule 4(k)(2) sanctions personal jurisdiction over foreign defendants for claims arising under federal law when the defendant has sufficient contacts with the nation as a whole to justify the imposition of United States' law but without sufficient contacts to satisfy the due process concerns of the long-arm statute of any particular state." *World Tanker Carriers Corp. v. M/V Ya Mawlaya*, 99 F.3d 717 (5th Cir. 1996) (citations omitted). Based on Plaintiff's complaint, this appears to be the case. However, given that this lawsuit involves 610 different Defendants, it may still be the case that some of them have merely made their products available online, but have not actually sold the products into the United States. Thus, while Plaintiff has made a prima facie showing of jurisdiction, a more detailed inquiry, possibly with jurisdictional discovery, could suggest that the United States lacks specific jurisdiction over the Defendants.

## V. CONCLUSION

For the reasons given above, venue is clearly more convenient in the transferee district. Beyond a single in-person store in the Western District of Texas and the possibility that some of the Defendants' products may have entered the state, there is no relationship between this lawsuit and

the current forum. Accordingly, **IT IS ORDERED** that this case is **TRANSFERRED** to the Central District of California, Western Division.

**IT IS FURTHER ORDERED** that Plaintiff's state law claims for unfair competition and common law trademark infringement (counts three and four) are **DISMISSED WITHOUT PREJUDICE**.

**SIGNED** on December 15, 2022.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE